# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 05-cr-00404-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5. BENITO GARCIA,

    Defendant.

## ORDER RE GOVERNMENT'S REQUEST FOR REVIEW OF BAIL MODIFICATION

**Blackburn, J.**

On June 12, 2006, the matter was before me for hearing on the government's **. . . . . Request for Review Pursuant to §§ 142** [*sic*] **And 3142** [#168] filed June 5, 2006.[1] I grant the relief requested by the government.[2]

In fashioning my ruling subsequent to *de novo* review, I have 1) judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*, including, but not limited to the relevant proceedings conducted before Magistrate Judge Coan on or about December 21, 2005, and June 5, 2006; 2) considered the transcript of evidence

---

[1] The full title of the government's motion is **Emergency Government Motion for Stay of Magistrate Judge's June 5, 2006, Order Modifying Terms of Release Pending District Court Review Pursuant To Title 18 U.S.C. § 3145 Title 18 U.S.C.** [*sic*] **And Request for Review Pursuant to §§ 142** [*sic*] **And 4142**. I granted that portion of the government's motion seeking a stay of the Magistrate Judge's order. *See* [#172] entered June 6, 2006.

[2] However, as my order makes clear, I grant the relief based on a finding of continuing risk of flight, not dangerousness, and issue which I do not reach.

presented at the bond modification hearing conducted on June 5, 2006; 3) considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and oral argument; and 4) considered the written and oral recommendations of pretrial services. Accordingly, I enter the following findings of fact (which are supported by a preponderance of the evidence, unless indicated otherwise), conclusions of law, and orders.

**FINDINGS OF FACT**:

The defendant's history, residence, family background, family ties, employment history, financial resources, criminal record, and health are as stated in the pretrial services reports.[3]

On January 11, 2006, the grand jury returned a one-count Second Superseding Indictment, *see* [#59], in which the defendant and five co-defendants were charged with conspiracy to distribute methamphetamine and aiding and abetting the same in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and 18 U.S.C. § 2. The dates of the alleged offenses range from on or about March 1, 2005, to on or about September 8, 2005. The weight of the evidence against the defendant is at least preponderant.

Defendant's girlfriend or wife gave birth yesterday to a little girl who is the child of defendant.

Defendant's girlfriend or wife is in this country legally pursuant to a visa that she recently obtained by returning to her native country of Mexico.

---

[3] My generic reference to the "pretrial services reports" includes 1) the initial **Pretrial Services Report** dated December 20, 2005; and 2) the **Release Status Report to the Court** dated June 8, 2006

The defendant continues to be a flight risk because 1) of the nature, circumstances, and possible sentence of and for the serious drug-related felony offense with which he is charged; 2) defendant has two failures to appear for other court proceedings; 3) defendant and his girlfriend or wife have significant ties to Mexico; 4) defendant has little or no financial ties to Colorado; and 5) defendant now has his future with his newborn child to consider.

The defendant's criminal history is free of assaultive or minatory conduct.

The defendant was not on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law at the time of the commission of the alleged offenses in this case.

The defendant has complied with the conditions of bond that were imposed initially. Home detention coupled with electronic monitoring has effectively extenuated the risk of flight. A continuation of those initial conditions of release, including home detention, is necessary to insure defendant's appearance before the court in this case.

The cost of electronic monitoring is reasonable and not financially onerous to defendant.

Finally, I approve, adopt, and incorporate the findings of fact entered by Magistrate Judge Coan during the initial bond hearing conducted in December, 2005.

**CONCLUSIONS OF LAW:**

To the extent necessary, I reiterate and incorporate my foregoing findings of fact.

My review of the Magistrate Judge's order of June 5, 2006, is *de novo*. See **United States v. Leon**, 766 F.2d 77, 80 (2d Cir.1985). Under this standard of review, I must judge the issues anew, but in doing so, I may utilize the factual and evidentiary

record developed during the detention hearings before Judge Coan in December, 2005, and on June 52006. However, as is required under *de novo* review, I must reach and have reached my own independent findings of fact and conclusions of law. *See* **Leon**, 766 F.2d at 80 (finding that on de novo review, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

I have conducted a review hearing as required by **18 U.S.C. § 3145(a)(1)**.

On January 11, 2006, the grand jury returned a one-count Second Superseding Indictment, *see* [#59], against the defendant and five co-defendants. The indictment *per se* establishes probable cause to believe that the defendant committed the serious drug-related felony offense with which he is charged. There is a rebuttable presumption in these circumstances under **18 U.S.C. § 3142(e)(1)** and **(f)(1)(C)**.

I have afforded the defendant the presumption of innocence without modification or limitation. *See* **18 U.S.C. § 3142(j)**.

In order to sustain a restoration of the *status quo ante*, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. On these issues the government has the burden of proof: risk of flight must be established by a preponderance of the evidence, and danger to the community by clear and convincing evidence. *See* **United States v. Cisneros**, 328 F.3d 610, 616 (10th Cir. 2003). I conclude on this evidentiary record that the government has sustained its burden of

persuasion the issue of flight. Thus, I need not and do not consider the issue of dangerousness.

The Bail Reform Act of 1984 at **18 U.S.C. § 3142(g)**, directs me to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including -

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

I have considered carefully the factors required under **18 U.S.C. § 3142(g)**.

Based on my foregoing findings of fact, I conclude that the evidence establishes

by a preponderance that the defendant continues to present a risk of flight to eschew prosecution and punishment, but that there exists conditions of release, including continued home detention, which will continue to reasonably assure the appearance of the defendant as required. The changed circumstances in defendant's life, e.g., the recent birth of his daughter, enhances, not extenuates, the probability of flight to avoid prosecution and the prospects of a lengthy sentence in the event of conviction. The thought of losing your family or missing your daughter's childhood development while you are incarcerated is a puissant motive to flee with your family to Mexico where you have family ties. To remove home detention as a special condition of release would be to ignore improvidently and illogically its probable efficacy in deterring any such propensity to flee.

**THEREFORE, IT IS ORDERED** as follows:

1. That the relief requested in the government's **. . . Request for Review . . .** [#168] filed June 5, 2006, **IS GRANTED**;

2. That the special condition of release and bond requiring that the defendant be subject to home detention secured by electronic monitoring **IS REINSTATED** and **SHALL REMAIN IN FULL FORCE AND EFFECT**; and

3. That the Magistrate Judge's order of June 5, 2006, **IS MODIFIED** accordingly.

Dated June 12, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**