**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00404-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

5.  BENITO GARCIA,

      Defendant.

## ORDER TERMINATING SUPERVISED RELEASE

**Blackburn, J.**

The matter before me is the defendant's **Motion To Terminate Defendant's Supervised Release Term** [#408][1] filed August 17, 2015, by the defendant Benito Garcia *pro se*.[2] I grant the motion.

A motion for early release is tantamount to a motion seeking modification of conditions of supervised release. As such, the petition is governed by 18 U.S.C. § 3583(e)(1), which provides,

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release,

---

[1] "[#408]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. Garcia is proceeding *pro se* I view his motion with the judicial munificence due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

pursuant to the provisions of the Federal Rules of Criminal Procedure
relating to the modification of probation, if it is satisfied that such action is
warranted by the conduct of the defendant released and the interest of
justice.

18 U.S.C. § 3583(e)(1).

In turn, under the Federal Rules of Criminal Procedure, modification of probation is governed by Rule 32.1, which provides,

> (c) Modification.
> (1) In General. Before modifying the conditions of probation or
> supervised release, the court must hold a hearing, at which the
> person has the right to counsel.
> (2) Exceptions. A hearing is not required if:
> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend
> the term of probation or of supervised release; and
> (C) an attorney for the government has received notice of the relief
> sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Crim. P. 32.1(c).

The government does not object. *See* [#411]. The probation department supports early termination. *See* [#410].

After considering carefully (1) the motion; (2) the responses of the government [#411] and probation [#410]; and (3) the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), I find and conclude that early termination is warranted by the conduct of the defendant and is in the interest of justice.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Terminate Defendant's Supervised Release Term**, is granted; and

2. That effective forthwith the supervised release of the defendant, Benito Garcia,

is terminated.

Dated September 2, 2015, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge